IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

AARON L. THORN                        )
                                      )
    Plaintiff,                        )
                                      )
v.                                    ) Case No. 2:17-cv-_____
                                      )
THE CITY OF MONTGOMERY; J.R. CULLEN,  )
In his individual capacity as a police officer with )
The City of Montgomery Police Department, ) DEMAND FOR JURY TRIAL
                                      )
    Defendants.                       )

RECEIVED
2017 FEB -8  P 4: 49
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

**COMES NOW**, Plaintiff Aaron L. Thorn, by and through his undersigned counsel, and for want of prosecution, files this complaint in the above-styled cause:

### THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff is over the age of nineteen (19) years and a resident of Staten Island, New York. All actions complained of herein by the plaintiff against the defendants occurred in Montgomery County, Alabama.

2. Defendant City of Montgomery is a municipality, duly organized and existing pursuant to the laws of the State of Alabama.

3. Upon information and belief, Defendant J. R. Cullen is over the age of nineteen (19) years and is a resident of Montgomery County, Alabama and a citizen of the United States. At all times material hereto, Defendant Cullen is employed as a police officer with the City of Montgomery, Alabama and is being sued in his individual capacity. At all times material hereto, the actions of Defendant Cullen, as complained of herein, occurred within the line and scope of his employment with the City of Montgomery.

4. Defendants' actions as complained of herein and which proximately caused the plaintiff's damages occurred within Montgomery County, Alabama. Defendants City of Montgomery and J.R. Cullen are subjected to this Court's jurisdiction. Jurisdiction of this court is invoked pursuant to, and in accordance with, the provisions of Title 28 U.S.C. §§ 1331 and 1343 this being an action to redress for damages and there being a federal question, specifically pertaining to the plaintiff's civil rights as secured and guaranteed by the Constitution and laws of the United States of America as enforced through Title 42 U.S.C. § 1983. The plaintiff invokes the court's pendent jurisdiction to hear his claims pled herein that arise solely under Alabama state law.

5. Venue properly in this judicial district pursuant to Title 28 U.S. C. § 1391(b).

### III.

### ALLEGATIONS OF FACT

6. On or about March 01, 2015, the plaintiff avers that he was a business invitee to the premises of Waffle House, Inc., doing business as Waffle House Store Number 576, located at 5180 Carmichael Road, Montgomery, Alabama 36106.

7. Plaintiff avers that as a business invitee, he was lawfully on the premises of Waffle House, patronizing the business establishment. The plaintiff further avers that he complained to management and staff about the services being rendered, as they were less than satisfactory. Plaintiff avers that the defendants took umbrage to his complaint and proceeded to place a telephone call, to which law enforcement responded, namely J.R. Cullen, #2509, Montgomery Police Department. At all times material hereto, J.R.

Cullen, #2509, was acting within his capacity as a law enforcement officer with the City of Montgomery Police Department and was performing a ministerial duty as opposed to a discretionary function. Plaintiff avers that Officer Cullen was acting under color of State law, statute, ordinance, regulation, custom or usage. Defendant Cullen proceeded to effectuate a warrantless arrest of the plaintiff, charging the plaintiff with public intoxication. Plaintiff denies that he was publicly intoxicated. To the contrary, plaintiff avers that Defendant Cullen arrested him after the plaintiff admonished him about his manner of speech and use of profanity. Plaintiff denies that the employees, agents, and/or servants of the Waffle House made any representation to Officer Cullen that he was public intoxicated.

8. Plaintiff avers that as a direct and proximate cause of the actions of the defendant Cullen, he was assaulted, battered, falsely arrested, falsely imprisoned and maliciously prosecuted.

9. The plaintiff avers that as a direct and proximate cause of the actions of the defendants he was caused to suffer a gross violation and deprivation of civil rights, privileges and/or immunities guaranteed and secured unto him by the Constitution and laws of the United States and the State of Alabama.

10. The plaintiff avers that he has had a stellar career as law enforcement officer for the City of New York, (NYPD), and at all times material hereto, he was in retired status as an officer of NYPD.

## COUNT I

Plaintiff avers that Defendant Cullen, acting under Gestapo tactics and pretenses, subjected him to unlawful arrest, false imprisonment, malicious prosecution, assault and battery, and the use of excessive force.

11.     Plaintiff avers that Defendant Cullen had no probable cause to believe that he was engaged in any criminal conduct.

12.     Plaintiff avers that at all times material hereto, the defendants actions was in accordance with a policy, custom and practices of race discrimination and racial profiling of African-Americans, including, but not limited to, the plaintiff and his arrest and prosecution was solely the product of racial profiling and overt discrimination on the basis of the plaintiff's race. Indeed, plaintiff avers that the City of Montgomery has a history dating back many years to the present, of engaging in acts of the use of excessive force, engaging in acts of police brutality and even violating the rights of African-Americans relative to the criminal justice system and particularly the administration of justice by the City of Montgomery Municipal Court. Relative to the foregoing, the plaintiff avers that the Court can take judicial notice of the following litigation filed with the United States District Court for the Middle District of Alabama: *Bernard Whiteshurst* case against the City of Montgomery, (police brutality and civil rights violation); *Gregory Gunn v. City of Montgomery*, (police brutality and civil rights violation); *Todd Road* case (alleging involving police brutality); and *Harriet Cleveland v. City of Montgomery, et al.* (City of Montgomery's Municipal Court operating a modern day debtors' prison, incarcerating low income and a disproportionate amount of African Americans for the inability to pay court costs and fines).

13. Plaintiff avers that the actions of Defendant Cullen amounts to false imprisonment, racial profiling, and unlawful search and seizure, in violation of rights secured and guaranteed to the plaintiff by the Constitution and laws of the United States of America and the laws of the State of Alabama.

14. Plaintiff avers that the actions of Defendant Cullen were conducted in bad faith, maliciously, willfully, illegally, fraudulently and beyond his lawful authority.

15. Plaintiff avers that the actions of Defendant Cullen violated clearly established law.

16. Defendant Cullen's action violated the plaintiffs' rights under the Fourth Amendment of the United States Constitution, to be secure and protected from unreasonable searches and seizures, the Fourteenth Amendment relative to Equal Protection of the law and the First Amendment's Free Speech.

17. The actions of Defendant Cullen were done under color of state law, ordinance, statute, or regulation, in deprivation of rights secured and guaranteed to the plaintiffs by the Constitution and laws of the United States, as guaranteed by the First, Fourth and Fourteenth Amendments and enforced by Title 42 U.S.C. § 1983.

18. Plaintiff avers that he has suffered damages as a direct and proximate result of the actions of defendants Cullen and the City of Montgomery.

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff demands judgment against the defendant Cullen and the City of Montgomery, separately and severally and seek damages for said deprivation of rights in an amount that the trier of fact may assess, plus interest and costs. Further, pursuant to Title 42 U.S.C. § 1988, plaintiff seeks to recover his costs and attorney's fees for bringing this action.

## COUNT II

### MUNICIPAL TORT LIABILITY, *ALA. CODE 1975*, § 11-47-190

Plaintiff incorporates all the allegations contained in paragraphs one (1) through eighteen (18) of this complaint, and will further show unto this Honorable Court to-wit:

19. Plaintiff avers that Defendant Cullen acted negligently, carelessly and/or unskillfully when he arrested the plaintiff without probable cause.

20. Plaintiff avers that at all times material hereto, Defendant Cullen were employees of the City of Montgomery and a law enforcement officer, acting within the line and scope of his employment. The City of Montgomery was negligent in its training and supervision of officers, including, but not limited to, Officer Cullen engaging in so-called "routine patrol" on private premises, including, but not limited to, proper training and supervision in diversity, community policing, and racial profiling in executing theor police duties and responsibilities.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment against Defendant City of Montgomery, pursuant to *Ala. Code 1975*, § 11-47-190, in an amount that the trier of fact may assess, plus interest and costs.

## COUNT III

### *NEGLIGENT HIRING, TRAINING, MONITORING, ENTRUSTMENT AND SUPERVISION*

Plaintiff incorporates all the allegations contained in paragraphs one (1) through twenty (20) of this complaint, and will further show unto this Honorable Court to-wit:

21. Plaintiff avers that the actions of defendant City of Montgomery was negligent relative the hiring, training, supervision, monitoring of it employees within the

City of Montgomery Police Department, including, but not limited to, Officer Cullen and others engaged law enforcement and community policing.

22. The plaintiff avers that the actions of the defendant City of Montgomery caused him to suffer deprivation of civil rights and other physical and emotional injuries.

23. As a direct and proximate result of defendants' negligence as articulated above, the plaintiff avers that he has suffered damages for which he seeks redress.

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff demands judgment against the defendants, separately and severally and seek damages, compensatory and punitive in an amount that the trier of fact may assess, plus interest and litigation costs and expenses.

## COUNT IV

### *FALSE IMPRISONMENT*

Plaintiff incorporates all the allegations contained in paragraphs one (1) through twenty-three (23) of this complaint, and will further show unto this Honorable Court to-wit:

24. Plaintiff avers that the actions of Defendant Cullen subjected the plaintiff to unlawful detention, without probable cause and thereby depriving him of his liberty.

25. Defendant Cullen's detention of the plaintiff was not pursuant to any legal cause or process and without justification.

26. As a direct and proximate result of defendant's interference with the plaintiff's persons and deprivation of their liberty, the plaintiff has suffered damages for which Alabama law provides a cause of action for false imprisonment as set forth in *Ala. Code, 1975* § 6-5-170.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment

against the defendants Cullen and the City of Montgomery in an amount that the trier of fact may assess, plus interest and costs.

## COUNT V

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

Plaintiff adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through twenty-six (26) of this complaint, as if the same were fully set forth herein and further say as follows:

27. Plaintiff avers that the actions of the defendants as complained of herein was so extreme and outrageous, so as to intentionally and/or recklessly cause severe emotional distress to the plaintiff. Plaintiff further alleges that defendants' actions was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment against the defendants separately and severally in an amount that the trier of fact may assess, plus interest and litigation costs and expenses.

## COUNT VI

### *MALICIOUS PROSECUTION*

Plaintiff adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through twenty-seven (27) of this complaint, as if the same were fully set forth herein and further say as follows:

28. The plaintiff avers that the defendant J R Cullen arrested and subjected the plaintiff to prosecution on allegations of public intoxication. The Plaintiff denies that he was guilty of public intoxication and he has not been adjudicated guilty of the same.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment against Defendant Cullen, separately and in an amount that the trier of fact may assess, plus interest and litigation costs and expenses.

### COUNT VII

*CONVERSION*

Plaintiff adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through twenty-eight (28) of this complaint, as if the same were fully set forth herein and further say as follows:

29. The plaintiff avers that the defendant J R Cullen arrested and subjected the plaintiff to confinement and false imprisonment in the City of Montgomery Detention Facility (Montgomery City Jail) on allegations of public intoxication. The Plaintiff denies that he was guilty of public intoxication and he has not been adjudicated guilty of the same. The plaintiff avers that as a result of his arrest and imprisonment, the defendants took possession of his personal property, among them bona fide United States currency. The plaintiff avers that the defendants converted to their own use, his United States currency, to wit: $540.00

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment against Defendant Cullen and the City of Montgomery, jointly and severally and in an amount that the trier of fact may assess, plus interest and litigation costs and expenses.

Respectfully submitted,

/s/ Amardo Wesley Pitters
Amardo Wesley Pitters, Esquire
**Counsel for the Plaintiff**
**Attorney Bar Code: 8998-T64A**

OF COUNSEL:

*A. WESLEY PITTERS, P.C.*
1145 South Perry Street (36104)
Post Office Box 1973
Montgomery, Alabama 36102-1973
Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email: awpitters@pitterslawfirm.com

/s/ William Howard Turner
William Howard Turner, Esq.
Attorney for the Plaintiff
Attorney Bar Code: TUR010

WILLIAM HOWARD TURNER, ESQUIRE
ATTORNEY-AT-LAW
449 South McDonough Street
Montgomery, Alabama 36104
Telephone: (334) 265-7818
Telefax: (334) 265-7860

**PLAINTIFF DEMANDS A TRIAL BY JURY.**