# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**AARON L. THORN**　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:17-CV-74-KS-CSC**

**CITY OF MONTGOMERY and**
**J. R. CULLEN, in his individual capacity**　　　　　　　　　　**DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [8] filed by Defendants City of Montgomery and J. R. Cullen. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion should be granted in part and denied in part.

## I. BACKGROUND

On February 8, 2017, Plaintiff Aaron L. Thorn ("Plaintiff") filed this action against Defendants City of Montgomery (the "City") and J. R. Cullen ("Cullen") (collectively "Defendants"), bringing claims for constitutional violations under 28 U.S.C. § 1983, as well as various state law claims.

Plaintiff was arrested by Cullen on March 1, 2015, at a Waffle House located in Montgomery, Alabama, and charged with public intoxication. (*See* Complaint [1] at ¶¶ 6-7.) Plaintiff was then processed into the City of Montgomery Detention Facility (the "Jail"), where the personal property on his person was taken from his possession. (*See id.* at ¶ 29.)

Plaintiff alleges that his arrest and detainment were the products of "racial profiling and overt discrimination on the basis of the plaintiff's race."[1] (*Id.* at ¶ 12.) He brings claims of constitutional violations under § 1983, negligence, false imprisonment, malicious prosecution,

---

[1] Plaintiff does not give his race in his Complaint [1], but the Court assumes, based on the other allegations therein, that Plaintiff is African American.

intentional infliction of emotional distress, and conversion against both Defendants, and a claim of negligent training, hiring, and supervision against the City only.

## II. DISCUSSION

### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 278, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)) (internal quotations omitted). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 556 U.S. at 679, 129 S. Ct. 1937.

### B. Claims against the City

#### 1. § 1983 Claims and Municipal Liability

Under *Monell v. Department of Social Services*, the City "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U. S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)). Rather, to be liable under § 1983, the alleged injury must be the result of the "a government's policy or custom" as implemented by "its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id.* "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283,

1289 (11th Cir. 2004) (citing *Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989)). Where liability is premised on a custom, "a plaintiff must establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (internal quotations and citations omitted).

When municipal liability is alleged under § 1983, "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." *McDowell*, 392 F.3d at 1291 (quoting *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 405, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997)). This requires a showing that the City's actions were "taken with deliberate indifference as to its known or obvious consequences" and that this "*deliberate* conduct . . . was the 'moving force' behind [his] injury." *Id.* at 1291-92 (citations omitted) (alterations and emphasis in original).

Plaintiff's Complaint [1] asks the Court to take judicial notice of four cases in order to establish that the City has a custom of racial profiling and discrimination: the "*Bernard Whitehurst* case against the City of Montgomery,"[2] the "*Todd Road* case";[3] *Gunn v. City of Montgomery*;[4] and *Cleveland v. City of Montgomery*.[5] (Complaint [1] at ¶ 12.) The *Whitehurst* and *Todd Road* cases are both over thirty years old, and the Court cannot see how they show a present pattern of racial profiling or discrimination so pervasive so as to constitute a custom. *See Fort Lauderdale*, 923 F.2d at 1481. Furthermore, neither of the two recent cases, *Gunn* and *Cleveland*, have had any

---

[2] The Court assumes this is the case decided by the Fifth Circuit in *Whitehurst v. Wright*, 592 F.2d 834 (5th Cir. 1979).
[3] The Court could not locate this case, but assumes this is the same "Todd Road incident" discussed in *Benjamin v. City of Montgomery*, 785 F.2d 959 (11th Cir. 1986).
[4] Currently pending before this Court, Civil Docket Number 2:16-CV-557-WKW-WC.
[5] Agreed settlement entered as stated in *Cleveland v. City of Montgomery*, Civil Action Nos. 2:13-CV-732-MHT, 2:13-CV-733-MHT, 2014 WL 64619000 (M.D. Ala. Nov. 17, 2014).

factual findings of racial profiling or discrimination.[6] However, even if fact-finders in both *Gunn* and *Cleveland* unequivocally found evidence of racial profiling and discrimination by officers and even if the Court were inclined to accept cases decades old as proof of this type of custom, four isolated instances over nearly forty years, without more, do not "establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *See Fort Lauderdale*, 923 F.2d at 1481. Therefore, without more than Plaintiff's bare legal conclusion that the City has a "policy, custom and practices [sic] of race discrimination and racial profiling," (Complaint [1] at ¶ 12), the Court cannot find that he has properly pleaded municipal liability under § 1983.

Additionally, insofar as Plaintiff attempts to establish that a failure to train led to the alleged violations of his constitutional rights, he has not pleaded sufficient allegations to show that the failure to train "reflects a 'deliberate' or 'conscious' choice by [the City]," which is the only basis for such a claim under § 1983. *See City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989).

Because Plaintiff has failed to properly plead a case for municipal liability under § 1983, the Court finds that these claims against Motion to Dismiss [8] should be granted with respect to these claims and that they should be **dismissed with prejudice**.

### 2.     State Law Claims Against the City

The remaining claims against the City are state law claims, only one of which, Plaintiff's claim of negligent training, hiring, and supervision, is based on its own actions. The other claims are based on its alleged liability for Cullen's actions. These claims include Plaintiff's claims of

---

[6] Defendants' answer to the complaint was just recently filed in *Gunn* and that litigation is still in the early stages of development. The parties in *Cleveland* settled before any factual findings could be made by the Court or by a jury.

negligence, false imprisonment, malicious prosecution, intentional infliction of emotional distress, and conversion.

The Court begins its discussion of these claims by noting that a claim of negligent training, hiring, and supervision "is not cognizable under Alabama law." *Waters v. City of Geneva*, 47 F.Supp.3d 1324, 1341 (M.D. Ala. 2014) (quoting *Doe v. City of Demopolis*, 799 F.Supp.2d 1300, 1310 (S.D. Ala. 2011)). As such, this claim will be **dismissed with prejudice**.

Turning to the claims against the City based on Cullen's actions, under Alabama Code § 11-47-190, the City is not liable "for damages for injury done to or wrong suffered by any person . . ., unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee" of the City. The Eleventh Circuit has interpreted this statute to mean that "a city is liable for negligent acts of its employees within the scope of their employment, but not intentional torts of its employees." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 743 (11th Cir. 2010). Because the only claim based on negligent actions of Cullen is the claim for negligence, the other state law claims against the City cannot succeed. As such, they will be **dismissed with prejudice**.

Therefore, the Motion to Dismiss [8] will be **granted in part** and **denied in part** with respect to the state law claims pending against the City. The claims for negligent training, hiring, and supervision, false imprisonment, malicious prosecution, intentional infliction of emotional distress, and conversion will be **dismissed with prejudice**. The negligence claim, however, will remain pending against the City, as it is based on its employee's negligent actions during the course of an arrest, which was inside the scope of his employment.

C.  **Claims against Cullen**

Cullen moves only to dismiss Count III, the negligent hiring, training, and supervision claim, and Count VII, the conversion claim, against him. The Court does not construe Count III to be against Cullen, but against the City only. As such, dismissal against this claim against Cullen is not needed.

Plaintiff's conversion claim is based on the allegations that his personal property[7] was taken out of his possession when he was arrested and detained. A claim of conversion requires "a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another's property, or a wrongful detention or interference with another's property." *Birmingham-Jefferson Cnty. Transit Auth. V. Arvan*, 669 So.2d 825, 828 (Ala. 1995) (citing *Huntsville Gold Dev. v. Ratcliff, Inc.*, 646 So.2d 1334 (Ala. 1994)). There is nothing in Plaintiff's Complaint [1], however, that suggests there was anything wrongful or illegal about the booking process during which the Jail took possession of Plaintiff's property while he was detained. Whether or not his detention was lawful is a separate inquiry. Even if his arrest and detainment are found to have been unlawful, that does not make the Jail's standard booking procedures unlawful. The Court would also note that it was the Jail who took possession of Plaintiff's personal property, and Plaintiff has not alleged that Cullen specifically took part in those actions.

Therefore, the Court does not find that Plaintiff has properly pleaded a conversion action against Cullen. The Motion to Dismiss [8] will be **granted** as to this claim, and it will be **dismissed with prejudice**.

---

[7] Specifically, Plaintiff states that $540.00 was taken out of his possession.

# III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss [8] is **granted in part** and **denied in part**.

It is **granted** in that the following claims are **dismissed with prejudice**: negligent training, hiring, and supervision against the City; false imprisonment against the City; malicious prosecution against the City; intentional infliction of emotional distress against the City; and conversion against the City and Cullen.

It is **denied** in that all other claims remain pending.

SO ORDERED AND ADJUDGED, on this, the ___5th___ day of May, 2017.

                                                                   s/Keith Starrett
                                                                   KEITH STARRETT
                                                                   UNITED STATES DISTRICT JUDGE